UNITED STATES DISTRICT COURT

ISHANNA IBLE

     Appellant,

                                CASE NO: NEW CASE
                                **4:21-cv-00025-MW-MAF**

VS

WELLS FARGO BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST,
SERIES 2004-OPT1, ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2004-OPT1

And

  WAKULLA COUNTY CIRCUIT COURT, STATE OF FLORIDA,

     Defendants,

---

### COMPLAINT FOR RELIEF

     Plaintiff, Ishanna Marguerite Ible, hereby sues Defendants WELLS FARGO
BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE
LOAN TRUST, SERIES 2004-OPT1, ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2004-OPT1 ("BANK")  and WAKULLA COUNTY CIRCUIT
COURT ans State of FLORIDA ("Court") and alleges as follows:


FILED USDC FLND PN
JAN 14 '21 PM12:46

## INTRODUCTION

1.    The Bank committed several accounts of fraud with the aid and abetting of the Wakulla County Court of this RICO, whom allowed the inexcusable denial of substantial rights (15 U.S.C. 1692e-g and  42 U.S.C. § 1983) and the first amendment of the United States Constitution when discoveries were raised. This is the cause of action for obtaining relief from the grossly enlarged harm already and continually committed against the Plaintiff and vulnerable adults by the Bank with their unclean hands in an illegal equity proceeding of a foreclosure. (Exhibit A)

## JURISDICTION AND VENUE

2.    The Federal Court has subject jurisdiction over this action under 28 U.S.C. §1331 and 28 U.S.C. §1332.

## PARTIES

3.    Plaintiff is a U.S. Citizen with residence in Florida, seeking justice publicly after threat to life was ignored by Wakulla County Judicial System just prior to the COVID-19 pandemic.

4.    Defendant is a financial corporation located in the state of California.

## DEFENDANT'S ONGOING  MORTGAGE FRAUD SCHEME

5.    A duly recorded; Option One assigned; Mortgage Backed Insurance Policy was paid out after the death of the Borrower, Deanna Baker Ible, November 20, 2006. The instrument was made public under Schedule "A" of the TRUST AFFIDAVIT filed under the Landmark Web Official Records Search B:717 P:627, Instrument #: 255174 on the 22nd day of June 2007 by JAN ERICKSON of the WAKULLA TITLE COMPANY, INC. and accepted by the WAKULLA COUNTY CLERK on July 3, 2007.  (Exhibit C)

6.   On April 16, 2009, a new loan was made with AMERICAN HOME MORTGAGE SERVICE INC. to the new borrower ESTATE OF DEANNA IBLE.

7.   This new loan was made either in $163,467.25 or $163,409.86 but by the nature of the Defendants, there exist federal questions to the validity of them as they repeatedly violated Florida Statue §895.03 which prohibits the criminal intent to receive any proceeds derived through the collection of an unlawful debt.  (Exhibit B)

8.   The Defendants violated 12 U.S.C §3757 (3) (B) to get a foreclosure sale.

9.   The Bank and the Court used the deceased's null note (Fla. Stat. 817.545) made in 2004, ignored Fla Stat. Chapter 736 to aid the Trust Attorney of the Estate of Deanna Ible's Notice of Default to adversely affect the Plaintiff's right to:

   (i)     The affirmative defense section §733.710 of Florida Statute.
   (ii)    The right of redemption as stated in Florida Statute §45.0315.
   (iii)   The rights to Fair Housing Act.
   (iv)   The Fair Debt Collection Practices Act ("FDCPA") as granted by the Federal law and adopted by the Florida Constitution.
   (v)    The right to seek relief for crimes and harms made against vulnerable adults and previous wards of the court of Florida from third-parties through the gross negligence of the state of Florida.

10.   The Bank and the Court refused to recognize the instrument and the discovery of grand theft, embezzlement, and breach by Trust Attorney Haywood Ball, the state of Florida, Florida Commerce Credit Union and the Bank.

11.   The Court refused to recognize the count of identity theft of minors to

embezzle the mortgage insurance policy, and the violation of the Uniform Minors Transfer Act. The Court violating Fla. Stat. § 768.23.

12.     The Bank and the Court made a deficiency judgment against the Plaintiff and orphans of the court (Exhibit A) *"...when no deficiency judgment may be sought or obtained against any defendant that is not a party to the underlying subject note.... and against defendants that were not served papers in this cause and the entry of a deficiency will deprive them of their rights under the Constitution of the United States and the State of Florida."* - Julie Powell, the Banks assigned Guardian Ad-litem.

13.     The Defendant did her due diligence to settle the claim the Bank was making and invested a tremendous amount of energy in investigating the payment history, loan transcript, mortgage insurance check, and other exhibits required to settle the suit (Exhibit C). But all efforts were blocked by the Court and the Bank saying she had no standing in the deficiency judgment made

against her.  A 15 U.S.C § 1692e-g.

14.     The Plaintiff repeatedly committed communications to the notice of default to their assigned account manager, EKEZIEL PULI to buy out the sham claim against her homestead, but received no cooperation from the Bank, its servicer, nor counsels.

15.     The Bank filed a sham Notice of Serving Copies of Documents to the lower courts on October 10, 2017. After numerous failed attempts with strenuous efforts to extend communication, the Plaintiff even physically commuted 1000+ miles to the Bank's servicer's headquarters.

16.     The Plaintiff has been harmed by the Bank and Court's hypocrisy: The representative of the Bank, EDWARD SARGE, informed the Plaintiff that she had full access to the mortgage account, but several Bank mortgage specialists claimed to not be in possession of any note under the Defendant's mother or her estates' social security number or tax id.

17.   The Plaintiff received cyber threats, threats to her life, loss of investments, loss of business, income, damaged credibility and temporarily lost residence at the hands of the Defendants from 2017-2020. After filing objections she maintained residence to the homestead property in rem. In the Plaintiff's Wells Fargo banking app she received in bold red letters *"KKK"* several times. The Plaintiff was required to report her local whereabouts. She closed her fifteen year old account and notified the FBI's Internet Crime Center and her active military spouse's command on October 31st, 2017 of the cyber terrorism prohibited by Federal Law 18 U.S. Code § 2332b and 42 U.S.C. § 1692e-g.

18.   The Plaintiff made it clear in the hearings of the gross injustice against beneficiaries/ orphans/ wards of the Court's personal property and assets Fla. Stat. § 744.446 (4) states:*"In the event of a breach by the guardian of the guardian's fiduciary duty, the court shall take those necessary actions to protect the ward and the ward's assets."* The Plaintiff was threatened with imprisonment for attempting to invoke this Florida statute.

19.   On December 3, 2020 new evidence submitted with request for cancellation for foreclosure sale was ignored. The Court continued its defense that the Plaintiff and beneficiary of the Estate had no standing to assert facts that the defendants committed mortgage fraud, but also insurance fraud before and after Hurricane Irma in 2017 in the total estimate of $350,000 (Exhibit B).

### DEFENDANTS' KNOWLEDGE OF FRAUD

20.   The Court made a judgment in favor of the Bank after an unfair trial, and with several counts of (1) violation of Civil Rights and the Fair Debt Collection Practices Act ("FDCPA"), (2) conversion, (3) breach of contract, (4) fraud, (5) suppression, (6) terrorism, (7) malpractice, (8) perjury, (9)

obstruction of justice, and illegal seizure the homestead, violation of Fla. Stat. §732.402- Exempted Property, through the Court's gross prejudice. The BANK and The COURT had come into equity with unclean hands through an illegal transaction violating the Plaintiff's constitutional rights 28 U.S.C §1983 in order to avoid the affirmative defense of Fla. Stat. §733.710, commit Fla. Stat. §817.16, obstructed the gross negligence committed by the state's failure to practice law and order since 2007.

21.    The foreclosure should have been denied when the facts showed that the Bank came to the court with its multitude of unclean hands. The Bank has been sued one hundred and sixteen times ("116") for fraudulent behavior. See also <u>Knight Energy Servs., Inc. v. Amoco Oil Co.,</u> (Fla. 4th DCA 1995) :"[a] foreclosure action is an equitable proceeding which may be denied if the holder of the note comes to the court with unclean hands or the foreclosure would be unconscionable."

22.    <u>Florida evidence code 90.106</u> states that a Judge "may not sum up or comment on a case before a jury and/or trial", but the Judge claimed the foreclosure was "simple" and the Bank was "innocent". The Bank knew of the status of the note because the mortgage insurance was assigned by the original lender, OPTION ONE and recorded in the same county.

23.    Proof the Bank knew also in their own assigned Guardian Ad-Litem, who on October 14, 2016 filed an Answer, admitted to the existence of the instrument to pay the 2004 mortgage loan and Fla. Stat 731.103 and 732.402.

24.    A new loan was made in 2009 with AMERICAN HOME MORTGAGE to the ESTATE OF DEANNA IBLE.

25.    The Bank invested its powers to pair the null note of 2004 from the

deceased with a notice of default of a different note and borrower to their foreclosure claim.

26. They maliciously used the privacy act to block out the loan numbers to hide the sham.

27. The Plaintiff was informed by OCWEN, the Bank's mortgage servicer she had full access and right to the Loan but the Bank's counsel ALDRIDGE PITE stated she did not. This illegal "flip-flop" technique was repeatedly used throughout the case in its four years of existence.

25. It would be reaffirmed by the Bank's counsel, but the Court ignored this fact. The Court's record is an overwhelming display of violations of state law, federal law, Fair Housing Act, and FDCPA.

25. The Defendants' violations along with the constant and blatant disregard Plaintiff's civil rights throughout her engagement with the foreclosure case - a violation as written in Fla. Stat §760.37:

> "Interference, coercion, or intimidation; enforcement by administrative or civil action.—It is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of, or on account of her or his having exercised, or on account of her or his having aided or encouraged any other person in the exercise of any right granted under ss. § 760.20-760.37. This section may be enforced by appropriate administrative or civil action."

26. The Bank throughout the four years in and outside of the Court's nonresponsive, oppressive, avoidant, belittling, and coercive behavior in order to obstruct the discovery of the illegal transactions within itself and other parties.

27. The Bank in writing states the Plaintiff has no rights but to pay. The

Answer Brief the Bank states the opposite of the judgment.

28.    On January 17, 2020, Plaintiff returned to her home after a business trip to discover a person by the name of Franklin Robinson threatening to end her life as he stages a butcher scene in her kitchen and dining room with several knives, machetes, and several containers of bleaching agents.

29.    The Court ignored the Plaintiff's emergency motion for an injunction and removal of the persons. The attackers were eventually removed by independent sources and the Plaintiff regained residence around March 2020.

30.    The Bank's counsel ALDRIDGE PITE LLP had been reprimanded in the state of Florida and Georgia several times for violations of 15 U.S. Code § 1692 chapter, a conscious breach in relation to Rule of Civil Procedure 1.140 (f), immaterial or scandalous matter and Fla. Stat. §817.155.

31.    The BANK has boldly returned to its criminal behavior  (Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes "FDUTPA") that it had been previously convicted of, by not only this great state, but several other states in 2014 for filing illegal foreclosure for inadequate and ill-gotten mortgages .

32.    The Plaintiff promptly submitted the new evidence of the material facts needed to null, negotiate, purchase, or dispute, but all efforts were blocked by the Court again January 5, 2021.

33.    The Trustee status under the Fla. Stat. 736 chapter, daughter of Deanna Baker Ible, holder of the Last Will and Death Certificate respect to Fla. Stat. §731.103 to redeem was consciously denied by the Bank and the Court again January 5, 2021.

34.     The Defendants blocked the Plaintiff's federal right under 15 U.S.C. §1692g – Commerce and Trade· Validation of Debts. They also blocked the state of Florida's civil rights as written in Fla. Stat. §760.25:

*"(2)(a)   It is unlawful for any person or entity whose business includes engaging in residential real estate transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, national origin, sex, handicap, familial status, or religion.*

*(b)   As used in this subsection, the term "residential real estate transaction" means any of the following:*

*1.   The making or purchasing of loans or providing other financial assistance:*

*a.   For purchasing, constructing, improving, repairing, or maintaining a dwelling; or*

*b.   Secured by residential real estate.*

*2.   The selling, brokering, or appraising of residential real property."*

35.     The Defendants did not want anyone questioning the validity of their exhibits because they are not in possession of the loan, hold an incomplete payment history, hold record of several payouts, and thirteen accounts of insurance fraud in 2017 as shown in the new evidence.

36.     A violation of 15 U.S. Code § 1692e; false or misleading representations.

37.     The Judge during an oral pronouncement waived the attorney fees of $9,000, however it never reflected in the final judgment. The purported defaulted loan was served with the dead note as exhibits of one loan. Therefore, the Plaintiff was never served violation of Fla. Stat § 702.036. See <u>Bank of N.Y. MELLON v. Reyes,</u> 126 So. 3d 304, 308 Fla. 3d DCA 2013;

*"Due to the failure of the Plaintiff to honor the terms of the Loan Modification Agreement and by filing a foreclosure action against the Defendants, the Plaintiff has committed a material breach of the mortgage and the Loan*

> *Modification Agreement and as such this material breach has thus nullified the*
> *mortgage and Loan Modification Agreement." -44.*

39.     There existed substantial evidence in the record to prove the violation of Fla. Stat. §817.16 and make a summary judgment for the immediate dissolvement of the Estate of Deanna Baker Ible by *Cy Pres* Fla. Stat §736.0413 for respect to the laws listed under chapter §736 of the Fla. Stat and Fla. Stat. §817.545 a failure to see that the cross-party claim was needed to remove the Legal representative of the Estate but the Court denied Plaintiff's first amendment right.

40.     The Bank had no real representation of the purported defaulted mortgage which is a felony of the third degree as prescribed by Fla. Stat. §817.545 and Fla Stat. § 817.54:

> *"Obtaining of mortgage, mortgage note, promissory note, etc., by*
> *false representation.—Any person who, with intent to defraud,*
> *obtains any mortgage, mortgage note, promissory note or other*
> *instrument evidencing a debt from any person or obtains the*
> *signature of any person to any mortgage, mortgage note,*
> *promissory note or other instrument evidencing*
> *a debt by color or aid of fraudulent or false representation or*
> *pretenses, or obtains the signature of any person to a mortgage,*
> *mortgage note, promissory note, or other instrument evidencing a*
> *debt, the false making whereof would be punishable as forgery,*
> *shall be guilty of a felony of the third degree, punishable as*
> *provided in s. 775.082, s. 775.083, or s. 775.084."*

41. Due to the events of this case and that it still holds discoveries against Third Parties, the BANK is guilty of the obstruction of justice, 18 U.S.C §1503 all with other felonies that are or not yet listed.

## PRAYER FOR RELIEF

THEREFORE, the Plaintiff, Ishanna M Ible seeks monetary relief from the Court and the Bank for the harm committed:

A.  The Bank listed their assets in their response on September 1, 2004 at $1,630,724,000.00 (A 334-384). WELLS FARGO BANK has a net worth of $1.9 trillion. All the general damages, and future economic losses are estimated at four million and eighty thousand ($4,080,000). The emotional pain, professional malpractice, loss of security, creation of conflict in domestic/ family matters, and business loss from the Defendants' acts are egregious. The relief sought is three hundred million ($300,000,000) a punitive amount to the estimated half of a percent of the BANK, as allowed by 15 U.S. Code § 1692k. and Fla. Stat. § 768.73 (c), plus general totaling in $306,280.000.

B.  The maximum amount of the total of A. that can be applied to the Wakulla County Circuit Court and a judicial review of all foreclosure and probate cases in its jurisdiction.

ISHANNA
MARGUERITE IBLE
ProSe
107 StuartCoveRd
Crawfordville, FL32327
ISHANNA@THEIBLE.COM
(867)292-3203

## CERTIFICATE OF SERVICE

I CERTIFY that I mailed and/or e-filed a copy of this complaint with summons to ALDRIDGE PITE. LLP at 1615 South Congress Avenue, Suite 200 Delray Beach, FL 33445. Primary Email:ServiceMail@aldridgepite.comand all other appellees and/or parties.

1/06/2021
ISHANNA
MARGUERITE IBLE
ProSe
107 StuartCoveRd
Crawfordville, FL32327
ISHANNA@THEIBLE.COM
(867)292-3203

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR WAKULLA COUNTY, FLORIDA

WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
CITIGROUP MORTGAGE LOAN TRUST,
SERIES 2004-OPT1, ASSET BACKED
PASS-THROUGH CERTIFICATES, SERIES
2004-OPT1,
Plaintiff,
VS.
UNKNOWN HEIRS, BENEFICIARIES,
DEVISEES, SURVIVING SPOUSE,
GRANTEES, ASSIGNEES, LEINORS,
CREDITORS, TRUSTEES, AND ALL
OTHER PARTIES CLAIMING AN
INTEREST BY, THROUGH, UNDER, OR
AGAINST THE ESTATE OF DEANNA IBLE
A/K/A DEANNA B. IBLE A/K/A DEANNA
BAKER IBLE, DECEASED; et al.,
Defendant(s).

CASE NO.: 16000056CAAXMX

FILED
AT TIME & DATE NOTED
2018 AUG - 1  AM 7:54
BRENDA THURMOND
CLERK OF CIRCUIT COURT
WAKULLA COUNTY FLORIDA

_____/

## NOTICE OF FORECLOSURE SALE PURSUANT TO CHAPTER 45

**NOTICE IS HEREBY GIVEN** that sale will be made pursuant to an Order of Final Judgment. Final Judgment was awarded on _July 31ST, 2018_ in Civil Case No. 16000056CAAXMX, of the Circuit Court of the SECOND Judicial Circuit in and for Wakulla County, Florida, wherein, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, SERIES 2004-OPT1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-OPT1 is the Plaintiff, and UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, SURVIVING SPOUSE, GRANTEES, ASSIGNEES, LEINORS, CREDITORS, TRUSTEES, AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER, OR AGAINST THE ESTATE OF DEANNA IBLE A/K/A DEANNA B. IBLE A/K/A DEANNA BAKER IBLE, DECEASED; PATRICIA BELLE EDWARDS, AS TRUSTEE OF THE DEANNA BAKER IBLE LIVING TRUST; PATRICIA BELLE EDWARDS, SUCCESSOR CO-TRUSTEE OF THE DEANNA BAKER IBLE LIVING TRUST; HAYWOOD M. BALL, SUCCESSOR CO-TRUSTEE OF THE DEANNA BAKER IBLE LIVING TRUST; ISHANNA MARGUERITE IBLE; URSULA BELLE IBLE; ELIJAH PATRICK IBLE; ISAIAH IAM IBLE, are Defendants.

**The Clerk of the Court, Brent X. Thurmond** will sell to the highest bidder for cash at 3056 Crawfordville Highway, Crawfordville, FL 32327 on _September 13TH, 2018_ at 11:00 AM the following described real property as set forth in said Final Judgment, to wit:

## COMMENCE AT THE NORTHEAST CORNER OF LOT 115 OF HARTSFIELD SURVEY OF LANDS IN WAKULLA

1221-13990B
16000056CAAXMX

WHEN RECORDED MAIL TO:

MORTGAGE INFORMATION SERVICE INC.
8601 N. DALE MABRY MWH
SUITE 601C
TAMPA, FL 33614

Prepared by:

OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57096
IRVINE, CA 92619-7096
ATTN: RECORDS MANAGEMENT

Loan Number: 561000490
Servicing Number: 0013B7864-0

Inst:2004215640 Date:07/22/2004 Time:14:02
Intang. Tax   :   344.00
Doc Stamp-Mort :   602.00
DC, Brent Thurmond, WAKULLA County B:548 P:785

File# 549017

[Space Above This Line For Recording Data]

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on July 15, 2004          . The mortgagor is
DEANNA IBLE AN UNMARRIED WOMAN

whose address is 107 STUART COVE RD , CRAWFORDVILLE, FL  32327-                      ,
("Borrower").
This Security Instrument is given to
Option One Mortgage Corporation, a California Corporation
which is organized and existing under the laws of CALIFORNIA           , and whose address is
3 Ada, Irvine, CA  92618                                           ("Lender").
Borrower owes Lender the principal sum of ONE HUNDRED SEVENTY TWO THOUSAND
. . .AND NO/100THs    Dollars (U.S.$172,000.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on August 01, 2034          .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, grant and convey to Lender the following described property located in Wakulla
County, Florida:
00-00-115-000-11909-001
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

which has the address of 107  STUART COVE RD, CRAWFORDVILLE
[Street, City],

Florida        32327-4839        ("Property Address");
[Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the
right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances
of record. Borrower warrants and will defend generally the title to the Property against all claims and demands,
subject to any encumbrances of record.

FLORIDA-Single Family
Page 1 of 8                                                        FLD10011 (05/10/00)

P's Exhibit #2
7/31/18   Janus O. Shaffer
          Circuit Judge

**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners Is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

OCWEN

10/23/2015

Sent Via Certified Mail
9314 8100 1170 0836 0756 88
Loan Number: 7142921571

Estate Of Deanna Ible
341 W FORSYTH ST
JACKSONVILLE, FL 32202-4307

Property Address: 107 Stuart Cove Rd
Crawfordville, FL 32327

## NOTICE OF DEFAULT

Dear Customer(s),

### AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA:

Esta notificación es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

### SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States or if your mortgage is the type which has been discharged pursuant to a completed Chapter 13 plan, this notice is not intended and does not constitute an attempt to collect a debt against you personally. If the foregoing applies to you, this notice is sent to you only as a preliminary step to a foreclosure on the mortgage against the above-referenced property. Provisions may be contained within your mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because OCWEN has not been notified of your bankruptcy case. If the foregoing applies to you, it is IMPORTANT that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

If you have not recently filed bankruptcy or received a bankruptcy discharge, you are hereby notified that this letter is an attempt to collect a debt. All information obtained will be used for that purpose. The debt is owed to OCWEN as the owner or servicer of your home loan and mortgage.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this letter, the debt will be assumed to be valid by OCWEN. If you notify OCWEN in writing within thirty (30) days that the debt or a portion of the debt is disputed, OCWEN will send you verification of the debt. If you would like to obtain such verification, direct your request in writing to the Loan Resolution Consultant within thirty (30) days. The failure to dispute the validity of the debt may not be construed by any court as an admission of liability by you.

Your mortgage payments are past due, which puts you in default of your loan agreement. As of Thursday, October 22, 2015, you owe the following:

DEMAND05M

NMLS # 1852

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

# EXHIBIT B

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR WAKULLA COUNTY, FLORIDA

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS    CASE NO.: 16000056CAAXMX
TRUSTEE FOR CITIGROUP MORTGAGE LOAN
TRUST, SERIES 2004-OPT1, ASSET BACKED PASS-
THROUGH CERTIFICATES, SERIES 2004-OPT1,

Plaintiff,

VS.

UNKNOWN HEIRS, BENEFICIARIES, DEVISEES,
SURVIVING SPOUSE, GRANTEES, ASSIGNEES,
LEINORS, CREDITORS, TRUSTEES, AND ALL OTHER
PARTIES CLAIMING AN INTEREST BY, THROUGH,
UNDER, OR AGAINST THE ESTATE OF DEANNA
IBLE A/K/A DEANNA B. IBLE A/K/A DEANNA BAKER
IBLE, DECEASED; et al.,

Defendant(s).
_____/

### PLAINTIFF'S NOTICE OF SERVING RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION

**COMES NOW**, Plaintiff, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS

TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, SERIES 2004-OPT1, ASSET BACKED

PASS-THROUGH CERTIFICATES, SERIES 2004-OPT1, by and through undersigned counsel, and

hereby serves Notice of Plaintiff's Responses and Objections to Defendant's Request for Production.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via E-Mail or

Regular U.S. Mail to the parties listed on the service list on this ____ day of _____, 20___

**ALDRIDGE | PITE, LLP**
Attorney for Plaintiff
1615 South Congress Avenue, Suite 200
Delray Beach, FL 33445
Telephone: (561) 392-6391
Facsimile: (561) 392-6965


By: _____
Nicole Zimmerman, Esq.
FBN: 19595
Primary E-Mail: ServiceMail@aldridgepite.com

1221-13990B

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR WAKULLA COUNTY, FLORIDA

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS   CASE NO.: 16000056CAAXMX
TRUSTEE FOR CITIGROUP MORTGAGE LOAN
TRUST, SERIES 2004-OPT1, ASSET BACKED PASS-
THROUGH CERTIFICATES, SERIES 2004-OPT1,

Plaintiff,

VS.

UNKNOWN HEIRS, BENEFICIARIES, DEVISEES,
SURVIVING SPOUSE, GRANTEES, ASSIGNEES,
LEINORS, CREDITORS, TRUSTEES, AND ALL OTHER
PARTIES CLAIMING AN INTEREST BY, THROUGH,
UNDER, OR AGAINST THE ESTATE OF DEANNA
IBLE A/K/A DEANNA B. IBLE A/K/A DEANNA BAKER
IBLE, DECEASED; et al.,

Defendant(s).
_____/

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION

**COMES NOW**, Plaintiff, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS

TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, SERIES 2004-OPT1, ASSET

BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-OPT1, by and through

undersigned counsel, and hereby serves Plaintiff's Responses and Objections to Defendant's

Request for Production and states as follows:

**Defendant is not a borrower in this action and does not have standing to assert defenses pertaining to the loan origination, note or mortgage, but for payment. As such, defendant's right to discovery is severely limited as it must be reflective of applicable affirmative defenses. _See LaFaille v. Nationstar Mortg., LLC_, 197 So. 3d 1246, 1247 (Fla. 3d DCA 2016) (holding non-parties to note and mortgage have no standing to assert defenses under note and mortgage); _Pealer v. Wilmington Trust N.A._, Case No. 2D15-2822 (Fla. 2d DCA March 17, 2017) ("a third-party purchaser's 'interest in [a] foreclosure proceeding is not a legally cognizable interest because even though it now holds legal title to the property, it purchased the property subject to [the bank's] foreclosure proceeding and superior interest in the property.'") (Sleet, J. concurring), quoting _Whitburn, LLC v. Wells Fargo Bank, N.A._, 190 So. 3d 1087, 1091-92 (Fla. 2d DCA 2015); _Clay County Land Trust No. 08-04-25-0078-014-27, Orange Park Trust Services, LLC v. JPMorgan Chase Bank, Nat. Ass'n_, 152 So. 3d 83 (Fla. 1st DCA 2014) (holding that borrower was only party who could plead nonperformance of**

22.    All account servicing transaction records, ledgers, registers and similar items detailing how Plaintiffs' account has been serviced from the inception of the account to the present date.

**Plaintiff attaches a copy of the Loan Payment History.**

23.    All letters, statements and documents sent to YOU by previous servicers, sub-servicers or others in the account file.

**Plaintiff objects on the grounds that Defendants' request is vague and overbroad. Defendants' request for all documents is a facially overbroad request.**

**Notwithstanding, Plaintiff attaches a copy of the Notice of Default.**

24.    All telephone log sheets, internal memoranda, notes or other documents prepared or reflecting activity on Plaintiffs' account in connection with his loan transaction.

**Plaintiff objects on the grounds that Defendants' request is vague and overbroad. Defendants' request for all documents is a facially overbroad request. Defendant is not a borrower in this action and does not have standing to assert defenses pertaining to the loan origination, note or mortgage, but for payment. As such, defendant's right to discovery is severely limited as it must be reflective of applicable affirmative defenses.  See LaFaille v. Nationstar Mortg., LLC, 197 So. 3d 1246, 1247 (Fla. 3d DCA 2016) (holding non-parties to note and mortgage have no standing to assert defenses under note and mortgage); Pealer v. Wilmington Trust N.A., Case No. 2D15-2822 (Fla. 2d DCA March 17, 2017) ("a third-party purchaser's 'interest in [a] foreclosure proceeding is not a legally cognizable interest because even though it now holds legal title to the property, it purchased the property subject to [the bank's] foreclosure proceeding and superior interest in the property.'") (Sleet, J. concurring), quoting Whitburn, LLC v. Wells Fargo Bank, N.A., 190 So. 3d 1087, 1091-92 (Fla. 2d DCA 2015); Clay County Land Trust No. 08-04-25-0078-014-27, Orange Park Trust Services, LLC v. JPMorgan Chase Bank, Nat. Ass'n, 152 So. 3d 83 (Fla. 1st DCA 2014) (holding that borrower was only party who could plead nonperformance of conditions precedent and that owner of property did not have standing to challenge violation of mortgage terms).**

25.    Each and every canceled check, money order, draft, debit or credit notice issued to any servicers of Plaintiffs' account for payment of any monthly  payment, other payment, escrow charge, fee or expense on the account.

**Plaintiff attaches a copy of the Loan Payment History.**

26.    All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payments records, transaction histories, account histories, accounting records, ledgers, and documents that relate

```
05-16-09  05-09  152  LATE CHARGE ASSESSMENT                72.16-1 LATE CHARGES    FEE 1
         0.00         0.00        0.00       0.00
04-16-09  05-09  175  PRINCIPAL PAYMENT
        57.39        57.39        0.00       0.00          NEW PRINCIPAL/ESCROW BALANCES
                 163,409.86
```

AMERICAN HOME MORTGAGE SERVICING, INC
1525 SOUTH BELTLINE ROAD
COPPELL, TX 75019

TELEPHONE NO.:  1-877-304-3100

CUSTOMER ACCOUNT ACTIVITY STATEMENT                    DATE 10/25/11
                                                       PAGE    9
REQ BY P3K

ESTATE B IBLE
LOAN NUMBER:  ▮▮▮▮▮▮▮▮

ACTIVITY FOR PERIOD 01/01/08 - 10/24/11

| PROCESS DATE | DUE DATE | TRANSACTION CODE | TRANSACTION DESCRIPTION | EFFECTIVE DATE OF TRANSACTION |
|---|---|---|---|---|

| TRANSACTION AMOUNT | PRIN. PAID/ BALANCE | INTEREST | ESCROW PAID/ BALANCE | AMOUNT | OTHER CODE/DESCRIPTION |
|---|---|---|---|---|---|

```
04-16-09  04-09  172  PAYMENT
     1,202.61       179.82    1,022.79       0.00
                 163,467.25                          NEW PRINCIPAL/ESCROW BALANCES
03-06-09  03-09  172  PAYMENT
     1,202.61       178.70    1,023.91       0.00
                 163,647.07                          NEW PRINCIPAL/ESCROW BALANCES
02-13-09  03-09  493  ARM LOAN ADJUSTMENT
     NEW INTEREST RATE:  0.07500       NEW PRIN & INT PAYMENT:     1,202.61
02-13-09  02-09  172  PAYMENT
     1,311.73       150.23    1,161.50       0.00
                 163,825.77                          NEW PRINCIPAL/ESCROW BALANCES
01-16-09  01-09  172  PAYMENT
     1,311.73       149.18    1,162.55       0.00
                 163,976.00                          NEW PRINCIPAL/ESCROW BALANCES
12-05-08  12-08  172  PAYMENT
     1,311.73       148.13    1,163.60       0.00
                 164,125.18                          NEW PRINCIPAL/ESCROW BALANCES
11-24-08  00-00  633  MISC. F/C AND B/R EXPENSES
         9.60         0.00        0.00       0.00
11-03-08  11-08  172  PAYMENT
     1,311.73       147.09    1,164.64       0.00
                 164,273.31                          NEW PRINCIPAL/ESCROW BALANCES
10-01-08  10-08  172  PAYMENT
     1,311.73       146.05    1,165.68       0.00
                 164,420.40                          NEW PRINCIPAL/ESCROW BALANCES
```

*2011 - 2013 LOAN HISTORY*
*GAP w/ Record of*
*Pay out 2011*

OWNER
MAK-BRSC

Detail Transaction History

Page 6
--Run Date/Time--
05/08/2018  12:55

LOAN:                INVESTOR#:  4147      POOL#: 1      NEXT DUE 07/00/01/2015      INTEREST RATE: 6.93000      PRIN BAL:  144,686.36
BORR1: Estate Of Deanna Title                                                                                 ESC BAL:  10,443.55-
BORR2:
PROP: 107 Stuart Cove Rd
       Crawfordville FL 32327-4839              MAIL: 361 N Forsyth St
                                                      Jacksonville FL 32202-4307

| ---TRANSACTION--- | | | | | - AFTER TRANS. BALANCES- | | TOTAL | -------------- APPLIED -------------- | | | | |
| EFFECTIVE | TIME | BV TRN DESCRIPTION | NXT DUE/PMT | REVERSED | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE | OTHER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

*6/21/2018 - FORECLOSURE*

*X32 - $*
*10944*
*348 + 1343*

*$350,208*

~~rem jurisdiction on the trial court~~ which is sufficient in a foreclosure proceeding where no deficiency judgment is sought).[4]  Moreover, Ms. Ible fails to demonstrate that the constructive service was somehow defective and that such defective service establishes a basis for reversal.

Accordingly, Ms. Ible's improper service argument does not provide a factual or legal basis to reverse the Final Judgment.

## II.   THE TRIAL COURT PROPERLY STRUCK MS. IBLE'S THIRD-PARTY COMPLAINT AND CROSSCLAIM.

The Third-Party Complaint and Crossclaim were not directed to the Trustee but were filed against FCC and the Co-Trustees, respectively, neither of whom have entered an appearance in this appeal.  Regardless, Ms. Ible appears to be under the mistaken belief that a finding by this Court that the trial court erred in dismissing these pleadings would necessarily result in a reversal of the Final Judgement.  That, of course, is incorrect.  The Trustee will, nonetheless, in abundance of caution, briefly address the merits of her argument.

This Court reviews a trial court's ruling on the sufficiency of a pleading de novo.  *See Mercedes Lighting & Elec. Supply, Inc. v. State, Dep't of Gen. Servs.,*

*Exhibit From Answer Brief of the BANK.*

---

[4] Conversely, if the plaintiff seeks a deficiency judgment in a foreclosure proceeding, a trial court must have personal jurisdiction over the defendant through personal service.  *See Carter v. Kingsley Bank,* 587 So. 2d 567, 569 (Fla. 1st DCA 1991) ("[T]he court must have personal jurisdiction over the defendants to enter a valid deficiency judgment.").  Although the Trustee pleads for a deficiency judgment in its Amended Complaint, (R:261-62), a deficiency judgment cannot be entered against Ms. Ible or the Ible Children because they did not sign the Note or Mortgage.  *See generally, Baxter v. Kobs,* 451 So. 2d 955, 955 (Fla. 3d DCA 1984) (holding that a deficiency judgment may be entered against the makers of a promissory note).

# EXHIBIT C



**Wakulla County Property Appraiser Office**
3115-A Crawfordville Hwy – P.O. Box 26
Crawfordville, Florida 32326-0026

Telephone: (850) 926-0500
Fax: (850) 926-6367
www.mywakullapa.com

December 3, 2020

RE: 00-00-115-000-11909-001
    107 Stuart Cove
    Crawfordville, FL. 32327

To whom it may concern:

The above referenced has homestead exemption for 2018, 2019, and 2020 tax year.
Homestead exemption has been applied as follows:

- 2018 homestead exemption applicants- Ishanna Maguerite Ible (25% interest) and Elijah Patrick Ible (25% interest)
- 2019 homestead exemption applicants- Ishanna Maguerite Ible (25 % interest), Elijah Patrick Ible (25% interest) and Ursula Bellum Ball Ible (25% interest).
- 2020 homestead exemption applicants-Ishanna Maguerite Ible (25% interest), Elijah Patrick Ible (25% interest), and Ursula Bellem Ball Ible (25% interest)

If any additional information is needed, please feel free to contact our office at
850.926.0500 or info@mywakullapa.com

Sincerely,

Nisha N. McCaskill, CFE
Tax Roll Operations/Assessment Administrator
Wakulla County Property Appraiser Office

TRANSMISSION VERIFICATION REPORT

```
TIME  : 07/31/2017 16:03
NAME  : UPS STORE
FAX   : 9047430733
TEL   :
SER.# : BROA2J341682
```

ATT:  EZEKIEL BUALI
2 BIZ

```
DATE,TIME           07/31  16:01
FAX NO./NAME        15616828151
DURATION            00:01:36
PAGE(S)             05
RESULT              OK
MODE                STANDARD
                    ECM
```

Ocwen Acct Specialist
877-454-0952

X52938

The UPS Store #1490
6999-02 Merrill Road
Jacksonville, FL 32277
904-743-0433 Tel
904-743-0733 Fax
M-F 8:30-6:00; Sat. 9-4

**Fax Cover**        **The UPS Store**

To: OCWEN MORTGAGE
HOME RETENTION DEPARTMENT     Fax #: 561-682-8151

Date: 7/31/2017          # of Pages (including cover sheet): 4

From: ISHANNA IBLE          Phone #: (305) 407-4567

Subject: Authorization to Discuss & Pay out

ACCOUNT #: 714292871

DEANNA IBLE: DECEASED 11/20/2006
ISHANNA IBLE: ELDEST HEIR (DAUGHTER)
& DEED HOLDER OF 107 STUART COVE RD

*Schedule "A"*

Real Estate Property:

1)    Lots 14 and Lots 15 in Crawfordville, FL  32327
    RE#

2)    107 Stuart Cove Road, Crawfordville, FL  32327
    RE# 00-00-115-000-11900-001
    Mortgage Insurance to be used to pay off balance of property principal balance, upon death of
Deanna Baker Isle.  Then property to be
    sold and proceeds put into trust.

3)    2040 Cecil Road, Atlantic Beach, FL. 32233
    RE#169464-0000

4)    8873 Madison Street
    Jacksonville, FL  32308
    RE# 0374760000

**FedEx** Express — **International Air Waybill**

Customs Copy

FedEx Tracking Number: 8147 0782 7217 0402

**1 From**

Date 31-11-21   Sender's FedEx Account Number

Sender's Name: ISHANNA M. ELLIS   Phone 869-292-3293

Company

Address: 51 LONGPATH RD

City: THE VALLEY   State/Province

Country: ANGUILLA   ZIP/Postal Code

RT 539

**2 To**

Recipient's Name: U.S. COURTHOUSE   Phone 850-435-8440   ☑ Residential Delivery

Company

Address: 1 N PALAFOX ST

City: PENSACOLA   State/Province: FL

Country: US   ZIP/Postal Code: 32502-5665

Recipient's Tax ID Number for Customs Purposes

**3 Shipment Information**

Total Packages: 1   Total Weight: .05

Commodity Description: DOCUMENT   Country of Manufacture: HI   Value: 1.00

**4 Express Package Service**

**7 Payment**

**8 Required Signature**

Origin Code: PAXA   Country Code/Destination Station: PNS   IOSA Routing: PNSA

662