# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ISHANNA IBLE,

    Plaintiff,

vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, SERIES 2004-OPT1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-OPT1, WAKULLA COUNTY CIRCUIT COURT, and STATE OF FLORIDA,

    Defendants.

_____/

Case No. 4:21-cv-00025-MW-MAF

## DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, SERIES 2004-OPT1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-OPT1 (the "Trustee"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss the Complaint ("Complaint") filed by Plaintiff ISHANNA IBLE ("Plaintiff"), and states as follows:

### INTRODUCTION

As Plaintiff readily admits, this action arises out of a state court foreclosure

action filed in April 2016 in the Circuit Court in and for Wakulla County. After Plaintiff commenced an appeal of the August 1, 2018 final judgment of foreclosure, she filed a purported counterclaim against the Trustee in the state court foreclosure action. Only after the state court declined to hear Plaintiff's counterclaim and the appellate court affirmed the final judgment of foreclosure did Plaintiff file the instant action. As set forth below, however, Plaintiff's Complaint is barred under various legal doctrines, does not comply with applicable pleading standards, and fails to state a claim for which relief may be granted.

## PROCEDURAL BACKGROUND

On or about April 1, 2016, the Trustee instituted an action seeking to foreclose a mortgage executed by the now-deceased Deanna Ible for failure to make payment on a note in an action styled: *Wells Fargo Bank, National Association, as Trustee for Citigroup Mortgage Loan Trust, Series 2004-OPT1, Asset Backed Pass-Through Certificates, Series 2004-OPT1 v. Ible, et al.*, Case No. 16000056CAAXMX, which was pending in the Circuit Court of the Second Judicial Circuit in and for Wakulla County, Florida (the "Foreclosure Action"). A true and correct copy of the docket in the Foreclosure Action is attached hereto as **Exhibit 1**.[1]

---

[1] Plaintiff repeatedly and expressly references the Foreclosure Action in the Complaint and attaches as exhibits to the Complaint various filings from the Foreclosure Action. *See e.g.* Complaint (ECF No. 1) at ¶¶ 1, 9, 13, 19-23, 25-26, Ex. A, B. Therefore, the record of the state court action can be considered part of the pleadings for all purposes. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*,

Plaintiff, who is one of Deanna Ible's four children, appeared in the Foreclosure Action on June 5, 2017 by filing a letter with the court. *See* Ex. 1. Plaintiff there after actively participated in the Foreclosure Action by filing a motion to dismiss the amended complaint, responses to various filings by the Trustee, and a third-party complaint and cross-claim that was later stricken by the court. *Id*. After a non-jury trial was held, an *In Rem* Final Judgment of Foreclosure ("Foreclosure Judgment") was entered in the Foreclosure Action on August 1, 2018. *See* Complaint (ECF No. 1) at ¶ 20. A true and correct copy of the Foreclosure Judgment is attached hereto as **Exhibit 2**.[2]

On August 24, 2018, Plaintiff filed in the Foreclosure Action a notice of appeal of the Foreclosure Judgment. *See* Ex. 1. Five days later, Plaintiff filed in the Foreclosure Action a purported counterclaim against the Trustee. *See id*. After the appellate court issued a mandate affirming the Foreclosure Judgment in November 2020, the foreclosure sale for the subject property was scheduled for January 7, 2021.

---

116 F. 3d 1364, 1369 (11th Cir. 1997) (determining that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to a motion to dismiss will not require conversion of the motion to a motion for summary judgment"). Moreover, the Trustee requests that the Court take judicial notice of the attached docket and other filings in the Foreclosure Action. *See* Fed. R. Evid. 201 (stating that a court may take judicial notice of a fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.").

[2] *See* fn. 1 *supra*.

*Id*. Due to the ongoing COVID-19 pandemic and resulting moratorium on foreclosures, the January 7, 2021 sale was cancelled and has not yet been rescheduled. *Id*. On January 14, 2021, Plaintiff commenced the instant action.

## ARGUMENT

### A. STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain material supporting each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). "Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Schwab v. Huntington Nat. Bank*, No. 2:12-CV-315-FTM-99, 2013 WL 655248, at *1 (M.D. Fla. Feb. 22, 2013) (citing *Brown v. Crawford Cnty.,* 960 F.2d 1002, 1009–10 (11th Cir.1992)).

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a Court must view the facts in the light most favorable to a plaintiff when ruling on a motion to dismiss for failure to state a claim, a plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual

enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The Court may grant a motion to dismiss where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

B.  **THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE**

"The *Rooker-Feldman* doctrine precludes federal courts – other than the United States Supreme Court – from reviewing final judgments of state courts." *Figueroa v. MERSCORP, Inc.*, 477 Fed. Appx. 558, 560 (11th Cir. 2012) (citing *Casale v. Tillman*, 558 F. 3d 1258, 1260 (11th Cir. 2009)). As such, "*Rooker-Feldman* bars lower federal court jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments'." *Id*. (citations omitted). The *Rooker-Feldman* doctrine further applies to claims that are "inextricably intertwined" with a state court judgment. *Casale*, 558 F. 3d at 1260. It does not apply, however, if a party did not have a "reasonable opportunity to raise his federal claim in state proceedings." *Symonette v. Aurora Loan Servs., LLC*, 631 Fed. Appx. 776, 778 (11th Cir. 2015) (quoting

5

*Casale*, 558 F. 3d at 1260).

The Eleventh Circuit has set forth a two-part inquiry to determine whether the *Rooker-Feldman* doctrine applies: (1) first, a determination of whether the state court proceedings have ended, and (2) second, a determination of whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856-57 (11th Cir. 2013).

This analysis has been used by the Eleventh Circuit and many district courts within the Eleventh Circuit to dismiss actions under *Rooker-Feldman* where litigants have attempted to challenge state court foreclosure judgments. *See Symonette*, 631 Fed. Appx. at 778 (affirming dismissal of complaint asserting claims under RESPA, TILA and other theories because such claims were inextricably intertwined with a state court foreclosure judgment and thus, barred by the *Rooker-Feldman* doctrine and res judicata); *Cavero v. One West Bank FSB*, 617 Fed. Appx. 928, 930-931 (11th Cir. 2015) (affirming dismissal with prejudice of complaint asserting RESPA, TILA and other statutory claims because such claims were inextricably intertwined with a state court foreclosure judgment and thus, barred by the *Rooker-Feldman* doctrine); *Nivia v. Nationstar Mortgage, LLC*, 620 Fed. Appx. 822, 825 (11th Cir. 2015) (affirming dismissal of FDUTPA claim under *Rooker-Feldman* doctrine where plaintiffs alleged that the lender's failure to modify their loan deprived them of the opportunity to cure their mortgage default); *Harper v. Chase Manhattan Bank*, 138

Fed. Appx. 130, 133 (11th Cir. 2005) (finding no error in the dismissal of ECOA and other claims pursuant to the *Rooker-Feldman* doctrine); *Flournoy v. Govt. Nat'l Mortgage Ass'n, et. al.*, No. 15-61985-CIV-GAYLES, 2016 WL 98699 *1, 3-6 (S.D. Fla. Jan. 8, 2016) (dismissing with prejudice a *pro se* plaintiff's claims for breach of contract, specific performance and others because such claims were inextricably intertwined with a state court foreclosure judgment and thus, barred by the *Rooker-Feldman* doctrine); *Paul v. Wells Fargo Bank, N.A.*, No. 4:12cv305-RS/CAS, 2012 WL 6628819, *2 (N.D. Fla. Nov. 14, 2012) (dismissing case based on *Rooker-Feldman* on grounds that plaintiff "may not seek to overturn a decision of a state court" in federal district court); and *McKinnon v. Wells Fargo Bank, N.A*, No. 6:10-cv-325-Orl-28DAB, 2010 WL 731801 (M.D. Fla. March 1, 2010) (holding that "[t]o the extent Plaintiff asks this court to overturn a state foreclosure judgment, this Court lacks subject matter jurisdiction over [the] case"). This Court should reach the same result in this case.

First, the state court proceeding (*i.e.* the Foreclosure Action) has ended for purposes of application of the *Rooker-Feldman* doctrine. "Cases in state court have ended: (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved; (2) if the state action has reached a point where neither party seeks further action; and (3) if the state court proceedings have finally resolved all of the federal questions in the litigation, but state law or

7

purely factual questions (whether great or small) remain to be litigated." *Velazquez*, 546 Fed. App'x at 857 (internal quotation omitted). Here, the First District Court of Appeal for the State of Florida has reviewed and affirmed the Foreclosure Judgment *See* Ex. 1. Thus, the first test is both applicable to and satisfied in this action. *See Bertram v. U.S. Bank, N.A.*, No. 8:09-cv-243-T-TBM, 2010 WL 11628839 *8 (M.D. Fla. Sept. 30, 2010) (finding borrower's claims filed in federal court after a foreclosure judgment had been affirmed on appeal and the mandate issued were barred by the Rooker-Feldman doctrine).

Second, the claims asserted by Plaintiff in this action are inextricably intertwined with the Foreclosure Judgment because "the success of the federal claim would effectively nullify the state court judgment" and the federal claim "succeeds only to the extent that the state wrongly decided the issues." *Springer v. Perryman*, 401 Fed. Appx. 457, 458 (11th Cir. 2007) (setting forth the criteria to determine when a federal claim is inextricably intertwined with a state court judgment) (internal quotation omitted). As demonstrated by entry of the Foreclosure Judgment, Plaintiff is clearly someone who lost in the state court Foreclosure Action. This lawsuit is Plaintiff's last-ditch effort to nullify the effect of that Foreclosure Judgment and prevent a foreclosure sale by asking this Court to review some of the same issues decided by the state court – namely, whether the Trustee could foreclose upon the mortgage signed by Deanna Ible. Plaintiff's Complaint repeatedly alleges

8

that the Trustee (and the court) committed various wrongs throughout Plaintiff's involvement in the Foreclosure Action, including but not limited to denying that Plaintiff possessed standing to assert certain arguments. *See e.g.* Complaint, at ¶¶ 9-13, 19-21, 25-26. After asserting such conclusory allegations regarding the Trustee's purported actions in the Foreclosure Action, Plaintiff seeks an award of damages of more than $300 million against the Trustee in her prayer for relief. *Id*. at p. 11. For Plaintiff to succeed on her unidentified claims and obtain such damages, this Court would have to find that the state court erred in determining that the Foreclosure Action could proceed and result in entry of the Foreclosure Judgment. *See e.g. Nivia*, 620 Fed. Appx. at 825 ("the homeowners' claim amounts to an equitable defense to foreclosure that they failed to raise before the state court" and thus, "[w]e agree with the district court that success on the merits of the FDUTPA claim would require a determination that the state court entered the foreclosure judgment 'wrongly', i.e. that the judgment was legally invalid"). The fact that Plaintiff does not expressly ask this Court to overturn the Foreclosure Judgment is of no consequence because the damages she seeks would only be available if there were a wrongful foreclosure. "Were judgment to be entered in this case in favor of Plaintiff, it would necessarily follow that the state court foreclosure was in error and, as a result, this Court cannot grant Plaintiff [his] requested relief without disturbing the Florida foreclosure judgment." *Zaychick v. Bank of Am., N.A.*, 146 F. Supp. 3d 1273, 1278 (S.D. Fla.

9

2015) (dismissing claim for violation of section 1024.41 of RESPA as barred by *Rooker-Feldman* regardless of whether plaintiff sought only damages or to overturn judgment because "damages would only be available where there was a wrongful foreclosure").

Lastly, Plaintiff had a reasonable opportunity to raise the issues about which she now complains in the Foreclosure Action. *See Springer*, 401 Fed. Appx. at 458 (holding that *Rooker-Feldman* requires that the claims be raised in the state court proceeding or that the party have a reasonable opportunity to raise the claims in the state court proceeding). Plaintiff appeared in the Foreclosure Action in August 2017, filed various motions and responses, filed a purported cross-claim against third parties in March 2018, and otherwise participated fully in the Foreclosure Action. *See* Ex. 1. Thus, Plaintiff had a reasonable opportunity in the Foreclosure Action to raise the issues that are the subject of the instant action but opted not to do so until ***after*** entry of the Final Judgment. Accordingly, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and must be dismissed with prejudice.

C. **PLAINTIFF'S CLAIMS ARE BARRED BY FLORIDA'S COMPULSORY COUNTERCLAIM RULE**

Plaintiff may not bring claims for relief in this Court where such claims should have been brought (if at all) as counterclaims in the Foreclosure Action. In applying the compulsory counterclaim rule, both the Eleventh Circuit and the Florida Supreme Court have held counterclaims to be compulsory where there is any logical

10

relation between the claim and the counterclaim. According to the Eleventh Circuit:

> A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis for both claims; or (2) that the aggregate core facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

*Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir 1991); *see also Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992).

Here, Plaintiff's unidentified claim(s) involve allegations that the Foreclosure Judgment should not have been entered and no sale should be held because the subject note was invalid, a deficiency judgment was not proper,[3] alleged evidence was ignored, the non-jury trial was not fair, and Plaintiff's purported defenses did not defeat foreclosure. *See* Complaint at ¶¶ 9, 12-13, 19-23, 26, 32, 35, 39. As a result, Plaintiff's claims involve parties, property, facts and circumstances, and security instruments identical to those involved in the Foreclosure Action. Accordingly, Plaintiff's claims arise out of the same transaction or occurrence that was the subject matter of the foreclosure and should have been brought (if at all) as counterclaims in the Foreclosure Action. *See Floridian Community Bank, Inc. v. Bloom*, 25 So. 3d 43, 45 (Fla. 4th DCA 2009) (holding that mortgagee's claims pertaining to a loan modification agreement were compulsory counterclaims

---

[3] Contrary to Plaintiff's bare allegations, the Foreclosure Judgment does not include any deficiency judgment against Plaintiff or any other party. *See* Ex. 2.

11

properly brought in the mortgagor's foreclosure action). Because Plaintiff did not timely assert her claims in response to the complaint and/or amended complaint in the Foreclosure Action, she is now barred from proceeding on those claims in this action and her Complaint should be dismissed with prejudice. *See Montgomery Ward Dev. Corp.*, 932 F.2d at 1380-82; *see also Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1370 (M.D. Fla. 2014) (dismissing with prejudice claims asserted by a borrower because they were barred by the compulsory counterclaim rule).

### D.  PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH THE PLEADING STANDARDS OF THE FEDERAL RULES OF CIVIL PROCEDURE

Not only is Plaintiff's Complaint barred by the *Rooker-Feldman* doctrine and the compulsory counterclaim rule, it wholly fails to comply with applicable pleading standards. To begin, Federal Rule of Civil Procedure 10(b) requires each claim founded on a sAeparate transaction or occurrence to be stated in a separate count if doing so would promote clarity. Fed. R. Civ. P. 10(b). Here, Plaintiff's Complaint consists of approximately 41 numbered paragraphs without any identification or designation of the purported legal theories under which Plaintiff seeks relief.[4] At best, Plaintiff's allegations contain sporadic and seemingly random citations to statutes and other laws without stating whether Plaintiff intends to seek relief under

---

[4] The Trustee provides an approximation due to errors in numbering contained in Plaintiff's Complaint.

those statutes. As a result, it is impossible to determine the purported legal claims under which Plaintiff seeks relief and to which Plaintiff's allegations pertain. Such lack of clarity is exactly that which Federal Rule of Civil Procedure 10 is designed to prevent.

Moreover, to state a claim under Federal Rule of Civil Procedure 8(a), "a complaint must state a plausible claim for relief." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-1261 (11th Cir. 2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id*. "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible'." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the court must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "In evaluating the sufficiency of a plaintiff's pleadings," the court makes "reasonable inferences in [a p]laintiff's favor, 'but [is] not required to draw plaintiff's inference'." *Sinaltrainal*, 578 F.3d at 1260-61. Likewise, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id*.

While the pleading standard enunciated in Fed. R. Civ. P. 8(a) does not require

13

"detailed factual allegations," "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Plaintiffs cannot merely assert "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. Similarly, a complaint will not survive a motion to dismiss if it sets forth "naked assertions devoid of further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 557).

Although the Court must afford a litigant proceeding *pro se* wide leeway in pleadings, a *pro se* litigant must nonetheless satisfy essential burdens. *Brown v. Crawford*, 906 F. 2d 667, 670 (11th Cir. 1990); *see also Loren v. Sasser*, 309 F. 3d 1296, 1304 (11th Cir. 2002) (holding that *pro se* plaintiffs must "conform to procedural rules.") In particular, *pro se* plaintiffs are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *Id*. Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). Plaintiff's Complaint fails to meet these burdens.

Here, Plaintiff's purported allegations consist of generic conclusions that the "Defendants" lumped together as a whole and/or the Trustee violated the law without any facts specific to Plaintiff or identifying how the law was allegedly violated. *See e.g.* Complaint at ¶¶ 1, 8-10, 12, 15, 20, 23, 25, 26, 31, 34, 35-36, 40-41. Plaintiff's Complaint then includes a prayer for relief seeking an award of damages against the

14

Trustee of $4,080,000 for purported "general damages, and future economic losses" without citing to any legal basis therefor and an award of $300 million in punitive damages "as allowed by 15 U.S. Code §1692k and Fla. Stat. § 768.73(c)." Complaint, at p. 11. Plaintiff, however, does not – and cannot – assert a claim for relief and damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.* ("FDCPA"), or Florida law. Accordingly, Plaintiff's Complaint must be dismissed for failure to comply with the pleading standards of the Federal Rules of Civil Procedure. *See Transatlantic, LLC v. Humana, Inc.,* No. 8:13-cv-1925-T-17TBM, 2016 WL 7319711 *1, 2-4 (M.D. Fla. Mar. 4, 2016) (dismissing civil RICO complaint that set forth legal conclusions couched as factual allegations because it failed to comply with Federal Rules of Civil Procedure 8(a) and 9(b)).

E.   **PLAINTIFF'S COMPLAINT FAILS TO AND CANNOT STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**

Although Plaintiff's Complaint fails to identify separate counts and legal theories under which she purports to state a claim, its prayer for relief seeks an award of damages pursuant to the FDCPA and Section 768(1)(c) of the Florida Statutes.[5] Plaintiff, however, does not and cannot state a claim for which relief may be granted

---

[5] Plaintiff's Complaint erroneously cites to Fla. Stat. § 768.73(c), which does not exist. For purposes of this motion, the Trustee presumes that Plaintiff intended to cite to Fla. Stat. § 768.73(1), which is the only section containing a (c) subsection.

15

under either of these laws.

> i. *Plaintiff's Complaint Does Not and Cannot State a Claim for Relief Under the FDCPA*

The FDCPA requires Plaintiff to allege that she was the subject of debt collection activity by the Trustee. *See* 15 U.S.C. §1692e (wherein each provision is predicated on conduct that is "in connection with the collection of any debt"). *See also Goodin v. Bank of America, N.A.*, 114 F. Supp. 3d 1197, 1204 (M.D. Fla. 2015) (holding that to successfully state a claim under the FDCPA, a plaintiff must allege that: (1) she was the object of debt collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA). Plaintiff's Complaint does not and cannot fulfill this requirement.

Plaintiff's request for relief under the FDCPA relies solely upon the prosecution of the Foreclosure Action as the basis for her purported claim(s). Indeed, Plaintiff's allegations concern documents filed and actions that occurred in the Foreclosure Action. As a matter of law, however, "[i]t is well settled that a foreclosure action, in and of itself, is not debt collection activity for the purposes of the FDCPA or, for that matter, its state law counterpart, the FCCPA." *DeBoskey v. SunTrust Mortgage, Inc.*, No. 8:14- cv-1778-MSS-TGW, 2017 WL 4083557 *1, 4 (M.D. Fla. Sept. 14, 2017) (citing *Warren v. Countrywide Home Loans, Inc.*, 342

Fed. Appx. 458 (11th Cir. 2009)). *See also Freire v. Aldridge Connors, LLP*, 994 F. Supp. 2d 1284, 1287-88 (M.D. Fla. 2014) ("in the Eleventh Circuit, the filing of a mortgage foreclosure action will constitute debt collection activity only when the complaint seeks also to collect on the note, that is to "demand payment on the underlying debt") (citing *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F. 3d 1211 (11th Cir. 2012)). Just as the mere filing of the Foreclosure Action does not constitute debt collection activity for purposes of the FDCPA, none of the purported acts upon which Plaintiff bases her purported claims constitutes such activity. Indeed, the acts about which Plaintiff now complains relate solely to the efforts by the Trustee to enforce its security interest in the subject property. Accordingly, Plaintiff's Complaint does not and cannot allege that she was the subject of debt collection activity and thus, should be dismissed with prejudice. *See e.g. Calarese v. Bayview Loan Servicing, LLC*, No. 17-60747- DIMITROULEAS, 2017 WL 3267932 *1, 3 (S.D. Fla. Jul. 31, 2017), *appeal docketed* No. 17-13520 (11th Cir.), (dismissing with prejudice claims for violation of the FDCPA premised solely upon alleged false representations made as part of a state court foreclosure action); *Gillis v. Deutsche Bank Trust Co. Americas*, No. 2:14-cv-418-FTM-38, 2015 WL 1345309 *1, 3 (M.D. Fla. Mar. 23, 2015) ("Plaintiff cannot assert violations of the FDCPA predicated upon only Defendants' actions in the state-court foreclosure proceedings."); *Ausar–El ex rel. Small, Jr. v. Bank of Am. Home Loans Servicing*

17

*LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) ("[A]n enforcer of a security interest ... falls outside the ambit of the FDCPA for all purposes, except for the purposes of § 1692f(6)."); *Crespo v. Butler & Hosch, P.A.,* No. 13-60047-CIV, 2014 WL 11531360, at *4 (S.D. Fla. Mar. 21, 2014) ("[C]onduct undertaken with the sole purpose of enforcing a security interest does not constitute debt collection activity under any part of the FDCPA, with the exception of § 1692f(6).").

Not only does Plaintiff fail to allege that she was the subject of debt collection activity, she wholly fails to allege that the Trustee is a "debt collector" as defined by the FDCPA. *See e.g.* 15 U.S.C. § 1692e, 1692f, 1692g (prohibiting certain activities by "debt collectors"); 15 U.S.C. § 1692a(6) (defining a "debt collector"). Because Plaintiff does not and cannot allege that the FDCPA applies to the Trustee, the Complaint should be dismissed with prejudice. *See e.g. Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, 57 F. Supp. 3d 1358 (M.D. Fla. 2014) (finding that plaintiff did not adequately allege that defendant was a "debt collector" for purposes of the FDCPA).

  ii. *Plaintiff's Complaint Does Not and Cannot State a Claim for Punitive Damages Under Fla. Stat. § 768.73(1)(c)*

Section 768.73(1)(c) of the Florida Statutes provides that there is no cap on an award of punitive damages upon certain determinations by a fact finder, which applies to actions for damages in tort or contract. *See* Fla. Stat. §§ 768.71(1), 768.73(1)(c) (2020). Plaintiff, however, fails to identify any state law under which

18

she seeks damages – whether in tort or contract – against the Trustee. To the contrary, and as set forth above, Plaintiff fails to specifically identify any law under which she seeks relief against the Trustee. Even if Plaintiff's random citations to state law in the Complaint could somehow be construed as a claim for relief against the Trustee, Florida law prohibits the assertion of a claim for punitive damages unless and until there is a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Fla. Stat. § 768.72(1). Plaintiff's Complaint does not and cannot make such a showing and should be dismissed with prejudice.

## **CONCLUSION**

Based on the foregoing, this Court should dismiss with prejudice the Complaint in its entirety.

WHEREFORE, Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, SERIES 2004-OPT1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-OPT1, respectfully requests that this Court enter an order dismissing with prejudice the Complaint in its entirety and awarding such other and further relief as it deems just and appropriate.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

By: s/ *Linda M. Reck*
Linda M. Reck, Esq.
Florida Bar No. 669474
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
*Reckl@gtlaw.com*
*Culpepperdl@gtlaw.com*
*FLService@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send an electronic notification of such filing to Eric A. Krebs, Esq. (pleadings@warnerlaw.us), Warner Law Firm, P.A., 501 W. 11th Street, Suite A, Panama City, FL 32401.  I also certify that the foregoing document is being served this day on Plaintiff Ishanna Ible, 107 Stuart Cove Rd., Crawfordville, FL 32327, Email:  ishanna@theible.com, via Registered Email and U.S. Mail.

By: s/ *Linda M. Reck*

ACTIVE 55921734v1