**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ISHANNA IBLE,**

  **Plaintiff,**

**vs.**                                                    **Case No. 4:21-CV-00025-MW-MAF**

**WELLS FARGO BANK,
et al.,**

  **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Ishanna Ible, a non-prisoner proceeding *pro se*, initiated this civil rights action, pursuant to 42 U.S.C. § 1983 and other various statutes. ECF No. 1. This cause is presently before the Court upon the motion to dismiss filed by Defendant Wells Fargo Bank, hereinafter referred to as "the Bank." ECF No. 23. The Bank maintains that Plaintiff's complaint is barred due to lack of subject matter jurisdiction, the complaint does not comply with applicable pleading standards, and Plaintiff fails to state a claim upon which relief may be granted. Id. After careful consideration of all of the filings in this case, for the reasons stated below, Defendant's motion to dismiss should be granted; and the case should be dismissed.

## I.    Facts of the Case

The substance of Plaintiff's claims stem from what she believes was an "illegal" foreclosure proceeding in the Second Judicial Circuit in and for Wakulla County, Florida. ECF No. 1, p. 2. The circuit court issued a final judgment in the Bank's favor on August 1, 2018 (ECF No. 23-2); Plaintiff appealed through to the Florida Supreme Court, which ultimately dismissed her case. ECF No. 23-1, p. 1. The appellate court issued a mandate affirming the final judgment. Id. In the instant motion to dismiss, the Bank confirms the foreclosure sale has not been completed due to the ongoing Covid-19 pandemic and resulting moratorium on foreclosures. ECF No. 23, p. 4.

Plaintiff's complaint is no model of clarity. Plaintiff alleges that the Bank is in violation of no less than twenty federal and state statutes (i.e. probate codes, rights of redemption, guardianship, discrimination in lending, fair housing laws, criminal fraud, mortgage fraud, racketeering, and terrorism).[1]

---

[1] Fair Debt Collection Practices Act (FDCPA)
Fair Housing Act
Uniform Minors Transfer Act
12 U.S.C. § 3757
15 U.S.C. § 1692e-g
18 U.S.C. § 2332b
42 U.S.C. § 1983
Fla. Stat. § 45.0315
Fla. Stat. § 731.103
Fla. Stat. § 732.402
Fla. Stat. § 733.710
Fla. Stat. § 744.446(4)
Fla. Stat. § 760.25

Case No. 4:21-CV-00025-MW-MAF

However, Plaintiff provides little in the way of facts. Plaintiff generally alleges the Bank conducted a mortgage fraud scheme with the aid of the Wakulla County Court. ECF No. 1, p. 2. According to Plaintiff, on November 20, 2006, a mortgage-backed insurance policy was "paid out" following the death of Plaintiff's mother, Deanna Baker Ible. Id. Plaintiff provides no additional facts relating to the payout. Three years later, the Estate of Deanna Ible entered into a new mortgage loan with American Home Mortgage Service in the amount of $163,467.25 or $163,409.86. Id., pp. 3, 6.

Plaintiff claims the Bank "repeatedly" violated Fla. Stat. § 895.03, the state's racketeering statute. Id. Plaintiff provides no set of facts outlining what acts or omissions were made by Defendant nor any dates on which they allegedly occurred. Id., 3-6. Plaintiff only generally alleges "cyber threats, threats to her life, loss of investments, loss of business, income, damaged credibility and temporarily lost residence from 2017-2020" and that she "was required to report her local whereabouts," and "threatened with imprisonment." Id., p. 5. She names no person, no dates, nor any specific

---

Fla. Stat. § 760.37
Fla. Stat. § 817.155
Fla. Stat. § 817.16
Fla. Stat. § 817.54
Fla. Stat. § 817.545
Fla. Stat. § 895.03
Fla. R. Evid. 90.106

Case No. 4:21-CV-00025-MW-MAF

actions. Plaintiff also complains that the Bank discriminated against her, but she relays no transaction in which she was denied the making of a loan or other financial assistance or the selling, brokering, or appraising of residential property. Id., p. 9.

Plaintiff claims that the state court determined she had no standing to allege mortgage fraud and insurance fraud. Id., p. 5. Plaintiff asks this Court for "monetary relief" for "emotional pain, professional malpractice, loss of security, creation of conflict in domestic/family matters, and business loss." Id., p. 11. Plaintiff seeks $300,000 "a punitive amount" under the FDCPA and additional punitive damages under Florida's negligence statute, Fla. Stat. § 768.73 for a total sum of $306,280.

Finally, Plaintiff seeks a ruling from the Court that would commence a judicial review of all foreclosure and probate cases in its jurisdiction. Id. As a preliminary matter, to the extent this particular request for relief may be construed as a motion to initiate a class action suit, it is due to be denied. It is well settled that a *pro se* party, like Plaintiff, cannot represent a class or any other individual in federal court. See 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel."); FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015); see also Wheat v. United States, 486 U.S. 153, 159 (1988)

("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."). Accordingly, Plaintiff's motion to commence a class action lawsuit should be DENIED.

## II.   Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555 (citation omitted). The factual allegations must adequately "raise a right to relief above the speculative level." Id. (citations omitted). "The mere possibility the defendant acted unlawfully is

insufficient to survive a motion to dismiss." <u>Sinaltrainal v. Coca-Cola Co</u>., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by* <u>Mohamad v. Palestinian Auth</u>., 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. <u>See</u> <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc</u>., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing <u>SEC v. ESM Grp., Inc</u>., 835 F.2d 270, 272 (11th Cir. 1988)).

## III.   Discussion

### A. <u>Compliance with Fed. R. Civ. P. 8(a)(2) and 10(b)</u>

Plaintiff's complaint is due to be dismissed as a "shotgun pleading" for failure to comply with the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single

set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here, although Plaintiff uses numbered paragraphs as directed by Rule 10(b), the complaint is largely a rambling narrative. "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause

of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff brings forward multiple claims against multiple defendants and fails to present sufficient facts that would attribute any acts or omissions to a particular cause of action. Similarly, many of Plaintiff's allegations are attributable to no individual nor any specific date. Plaintiff provides a vague statement of facts and alleges more than twenty statutory violations without articulating which facts support each claim. The Court will not perform that task on her behalf. A district court cannot be expected to perform the parties' work for them. Cf. Adler v. Duval Cty. Sch. Bd., 112 F.3d 1475, 1481 n.12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief . . . based on facts they did not

relate."). Plaintiff is required to articulate the acts and omissions of the defendants that present a cause of action. Here, Plaintiff fails to provide sufficient facts to support her legal conclusions. <u>See</u> ECF No. 1, p. 3-6.

Accordingly, Defendant's motion to dismiss should be GRANTED for failure to state a claim. Although parties are ordinarily permitted an opportunity to amend prior to dismissal of a case, an amendment would prove to be futile for the reasons stated below.

B. <u>The Court Lacks Subject-Matter Jurisdiction under the Rooker-Feldman Doctrine.</u>

The <u>Rooker-Feldman</u> doctrine bars the Court's review of foreclosure cases which have concluded with final judgments on the merits. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). This doctrine limits a district court's jurisdiction as explained in <u>Lawton v. Rosen</u>, 559 F. App'x 973, 974 (11th Cir. 2014):

> '[F]ederal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.' <u>Casale v. Tillman</u>, 558 F.3d 1258, 1260 (11th Cir. 2009). It applies to all 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' <u>Exxon Mobil v. Saudi Basic Indus.</u>, 544 U.S. 280, 284 (2005). And it extends not only to federal claims actually raised in state court, but also to federal claims

'inextricably intertwined' with the state court's judgment, meaning those that can 'succeed[] only to the extent that the state court wrongly decided the issues' before it. <u>Casale</u>, 558 F.3d at 1260.

The <u>Rooker-Feldman</u> doctrine forecloses Plaintiff's efforts to use this instant action as a means to overturn final state court orders resolving the foreclosure-related claims she raised, or had a reasonable opportunity to raise, in that forum, and ultimately, unsuccessfully appealed. <u>See</u> <u>Symonette v. Aurora Loan Serv., LLC</u>, 631 F. App'x 776, 778 (11th Cir. 2015) (affirming dismissal of *pro se* plaintiffs' attack on state court foreclosure judgment based, in part, on <u>Rooker-Feldman</u>); <u>Arthur v. J.P. Morgan Chase Bank, NA</u>, 569 F. App'x 669, 677 (11th Cir. 2014) ("Insofar as the [plaintiffs] seek to have [a foreclosure] judgment declared null and void by the district court sitting in diversity, such claim is barred by the <u>Rooker-Feldman</u> doctrine.").

Plaintiff alleged that the state court entered "a judgment in favor of the Bank after an unfair trial," "the foreclosure should have been denied," and that her efforts to submit new evidence "were blocked by the [c]ourt." These are precisely the types of claims that are barred by <u>Rooker-Feldman</u>. ECF No. 1, pp. 5-6. Similarly, Plaintiff's claims against the Bank are inextricably intertwined with the foreclosure judgment. Accordingly, because the action is barred as a matter of law, dismissal is appropriate.

C. Plaintiff's Claims against Wells Fargo Bank are Barred by the Compulsory Counterclaim Rule.

The Bank also argues in its motion to dismiss that Plaintiff's claims are barred by the compulsory counterclaim rule. ECF No. 23, pp. 10-12. Under Florida law, for *res judicata* to apply, there must be: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made"; and (5) the original claim was disposed on the merits. See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1074 (11th Cir. 2013) (quoting Andela v. Univ. of Miami, 692 F. Supp. 2d 1356, 1371 (S.D. Fla. 2010)). "The policy 'underlying *res judicata* is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in any court (except, of course, for appeals by right).'" See Zikofsky v. Marketing 10, Inc., 904 So. 2d 520, 523 (Fla. 4th DCA, 2005) (quoting Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004)). Plaintiff already had her day in court seeking to prevent the foreclosure sought by Wells Fargo for the very reasons she restates in this proceeding. Plaintiff also appealed the decision through to the Florida Supreme Court. If she disagreed with the decision of the Florida Supreme Court on a federal question, her next step would have been to petition the Supreme Court of

the United States not this United States District Court. <u>See</u> SUP. CT. R.10(b), (c). The fact that Plaintiff seeks money damages against the Bank for a wrongful foreclosure proceeding rather than overturning the state court's judgment does not change this analysis.

Moreover, if Plaintiff did not raise these claims in the underlying state case, her "failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim." <u>Montgomery Ward Dev. Corp. v. Juster</u>, 932 F.2d 1378, 1380-82 (11th Cir. 1991)). Rule 1.170 of the Florida Rules of Civil Procedure (Florida Rule(s)) governs the determination of whether a particular counterclaim constitutes a compulsory counterclaim under Florida law. <u>See id</u>. Rule 1.170 incorporates Fed. R. Ci. P. 13(a) into Florida law and provides:

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

<u>See Id</u>., at 1380-81 (quoting Fla. R. Civ. P. 1.170(a)).

Because Plaintiff's claims against the Bank are barred under *res judicata* and the compulsory counterclaim rule, dismissal is warranted.

D. Claims Under 42 U.S.C. § 1983

*1. Wells Fargo Bank and the State Court Are Not State Actors.*

Plaintiff generally alleges the Bank, "aid[ed] and abet[ed]" by the state court, denied her substantial rights under the First Amendment. ECF No. 1, p. 2. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Private banks are not "state actors." See Morast v. Lance, 807 F.2d 926, 931 (11th Cir. 1987) (nationally chartered bank did not act under color of federal law). Private actors cannot be held liable under Section 1983 unless they are shown as having conspired with one or more state actors. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). To establish a prima facie case for conspiracy, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). The question here is whether Plaintiff stated sufficient facts to establish that the Bank reached an understanding with the Wakulla County Court to violate her rights. Plaintiff alleges no set of facts to infer an agreement was reached. Plaintiff's

complaint contains purely conclusory allegations that do not plead conspiracy sufficiently to transform the Bank into a state actor. Accordingly, dismissal of the case against the Bank and the state court is appropriate.

Finally, it would be futile for Plaintiff's case to proceed against the state court. The law is clear, in order "to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a *person* acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (emphasis added). A court is not a "person" within the meaning of the Civil Rights Act. See, e.g., Coopersmith v. Supreme Court, 465 F.2d 993, 994 (10th Cir. 1972); Ellison v. Circuit Court of Autauga Cty., Case No. 2:18-CV-686-MHT, 2018 U.S. Dist. LEXIS 151083, *2 (M.D. Ala. Sept. 4, 2018).

Also, amending the complaint to name specific judges rather than the state court generally would prove to be futile. Not only is the case barred as a matter of law, as previously stated, judges are generally entitled to judicial immunity. An error or mistake by a judge in ruling in a case is not the proper subject of a separate lawsuit, but rather may be appropriate for an appeal to a higher court. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Sibley v. Lando,

437 F.3d 1067, 1070 (11th Cir. 2005) (quoting <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000)).

Dismissal of the complaint is appropriate if the complaint, on its face, does not state a plausible claim for relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). No one at the state court has been served with the complaint. Nonetheless, the Court has discretion to *sua sponte* dismiss a complaint prior to the issuance of a summons under 28 U.S.C. § 1915(e)(2)(B): "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Accordingly, the Section 1983 claims against the state court are frivolous and should be dismissed.

2. *Plaintiff's Section 1983 Claims against the State of Florida are Barred by Eleventh Amendment Immunity.*

Plaintiff has named the State of Florida as a defendant in this case but articulates no acts committed or omissions by the State let alone any "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>, 556 U.S. at 678. Plaintiff has not yet served the State of Florida with her complaint, although she had until April 14, 2021, to do so. <u>See</u> Court Order, ECF No. 10, issued February 4, 2021. However,

upon closer inspection of Plaintiff's complaint, even if Plaintiff were to amend her complaint, claims against the State of Florida would fail. Under the Eleventh Amendment, a state is protected from being sued in federal court without the state's consent. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). The state of Florida has not consented to be sued in damage suits brought under § 1983. See Gamble v. Fla. Dep't of Health & Rehabilitative Servs., 779 F.2d 1509, 1515 (11th Cir. 1986). Florida has not waived its sovereign immunity. See Fla. Stat. § 768.28(18). "Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." Carr v. City of Florence, Alabama, 916 F.2d 1521, 1525 (11th Cir. 1990). Because Plaintiff's Section 1983 claim against Florida is barred, the suit against the state is frivolous. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B), the claim dismissal is appropriate.

   E. Plaintiff Does Not Have Standing to Litigate Criminal Allegations.

      Plaintiff generally claims she received cyber threats and threats to her life but does not attribute these acts to any particular defendant. She claims that the Wells Fargo banking app projected "KKK" in bold red letters "several times." ECF No. 1, p. 5. She claims she notified the FBI of what she considered was "cyberterrorism" under criminal statutes: 18 U.S.C. § 2332b

and 42 U.S.C. § 1692 (which does not exist[2]). She repeatedly accuses the Bank of "criminal behavior" including fraud, RICO, uses the terms "crime," "conversion," "fraud," "suppression," "terrorism," "perjury," "obstruction of justice," and provides citations and quotations from criminal cases. Id., pp. 3-6, 8. Florida's RICO statute applies to the collection of an "unlawful debt." Fla. Stat. § 895.03(2). Plaintiff does not provide any facts to suggest that the mortgage loan obtained by the Bank is an unlawful debt. She admits that a new loan was made between American Home Mortgage Service and the Estate of Deanna Ible. ECF No. 1, p. 3.

Nonetheless, the Florida statute upon which Plaintiff relies is designed for the protection of the public; and no language in it indicates that it creates a private right of action. Plaintiff's reliance on the criminal statutes to create a private right of action is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). More importantly, the decision to prosecute generally rests entirely in the prosecutor's discretion.

---

[2] Plaintiff likely meant to cite to 15 U.S.C. § 1692e-g, which addresses debt collection practices.

Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). For these reasons, Plaintiff's criminal allegations should be dismissed for lack of standing.

F. Plaintiff Fails to Satisfy the Elements of a Civil RICO Claim.

In order to establish a federal RICO violation under 18 U.S.C. § 1962(c), a plaintiff must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962(c). A civil RICO claimant under § 1964(c) also must show (1) injury to his business or property, and (2) that such injury was by reason of the substantive RICO violation. Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 708 (11th Cir. 2014).

In this case, Plaintiff has failed to allege any activity that would qualify as racketeering activity as defined by 18 U.S.C. § 1961(1), and, therefore, has failed to allege a pattern of racketeering activity. She also has failed to allege causation between a substantive RICO violation and any injury – aside from the foreclosure -- she suffered. In short, she has failed to allege the basic elements of a RICO violation. This claim warrants dismissal.

G. FDCPA Allegations

Defendant argues that bringing a foreclosure action does not violate FDCPA because it does not qualify as collection of a debt. This is correct. Congress enacted the FDCPA in order "to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In order to state a cognizable claim under the FDCPA, Plaintiff must allege facts in her complaint sufficient to show that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Kaplan v. Assetcare, Inc., Case No.: 99-412-CIV-Gold, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000).

The Eleventh Circuit has held that a mortgage foreclosure action is not debt collection activity within the meaning of the FDCPA. Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 461 (11th Cir. 2009) ("[F]oreclosing on a home is not debt collection for purposes of [FDCPA]."); but see Cf. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012) (where "notice of the foreclosure, . . . could have -- and did -- demand payment on the underlying debt" is debt collection for the purposes of the FDCPA. "A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest."). Essentially, a "[p]laintiff cannot assert

violations of the FDCPA predicated upon only Defendants' actions in the state-court foreclosure proceedings." Gillis v. Deutsche Bank Trust Co. Americas, Case No. 2:14-CV-418-FTM-38, 2015 U.S. Dist. LEXIS 35835, 2015 WL 1345309, at *3 (M.D. Fla. Mar. 23, 2015).

Here, Plaintiff contends that Defendant's representations to the state court in the foreclosure procedures are false or, at a minimum, misleading, and therefore violate the FDCPA. ECF No. 1, p. However, the foreclosure action is not debt collection activity under FDCPA. The complaint in state foreclosure proceeding is filed for the purpose of enforcing the security interest. Plaintiff makes no allegation that the Bank pursued any collection activity which would violate the law. At best, Plaintiff makes general allegations, which are attributable to no one in particular and do not indicate when it occurred in order to run counter to the FDCPA: "cyber threats, threats to her life, loss of investments, loss of business, income, damaged credibility and temporarily lost residence from 2017-2020" and that she "was required to report her local whereabouts," and "threatened with imprisonment." ECF No. 1, p. 5. Without names, dates, or specific actions, Plaintiff lumps all of the Defendants together as violating the law, which is impermissible. Plaintiff completely relies on the prosecution of the foreclosure action and not on any incidents during the process of collecting on a consumer debt. Plaintiff's

action should be dismissed for failure to allege debt collection activity under the FDCPA. To the extent that Plaintiff seeks to add additional facts[3] through her response to Defendant's motion to dismiss, a response is an improper vehicle to do so. All facts must be presented in the complaint. See N.D. Fla. Loc. R. 5.7(B).

## IV.   Conclusion and Recommendation

It is respectfully recommended that the motion to dismiss filed by Defendant Wells Fargo Bank be GRANTED for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff's motion to commence a class action lawsuit should be DENIED. Finally, since an amendment to the complaint would be futile, Plaintiff's case should be DISMISSED with prejudice. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment . . . where amendment would be futile").

IN CHAMBERS at Tallahassee, Florida on April 6, 2021.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff states she is a victim of RICO and fraud actions; the state and the Bank imposed 15 "years of forced silence, abuse, and illegal pattern[s] of transactions"; alleges mortgage fraud, embezzlement, breach, identity theft, insurance fraud and concealment by the state courts, and claims "Judge Shelfer" signed a default note. ECF No. 26.

Case No. 4:21-CV-00025-MW-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).